UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RAYMOND DEMARIA,** | ) |
| **Plaintiff,** | ) Case: 1:23-cv-14521 |
| v. | ) |
| **KOMATSU AMERICA CORPORATION,** | ) Jury Trial Demanded |
| **Defendant.** | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Raymond DeMaria ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Komatsu America Corporation ("Defendant"), and in support states as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Plaintiff brings this action pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

4. At all times material to the allegations of this Complaint, Plaintiff, Raymond DeMaria resided in Peoria County in the State of Illinois.

5. At all times material to the allegations in this Complaint, Defendant, Komatsu America Corporation is a foreign business corporation doing business in and for Cook County, Illinois whose principal address is 8770 W Bryn Mawr Avenue, Suite 100, Chicago, Illinois 60631.

6. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

7. At all times material, Defendant was an "employer" as defined by 29 U.S.C. §2611(4).

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## BACKGROUND FACTS

9. Plaintiff worked for the Defendant as a Transporter.

10. Plaintiff was qualified for their position and was known to develop, meet and exceed performance standards for Plaintiff's job title.

11. Plaintiff received satisfactory feedback from Defendants about his work performance.

12. On or about December 2, 2021, Plaintiff fell ill to a severe and life threatening condition.

13. Plaintiff was diagnosed with cancer and was informed by his doctors that he would require treatment immediately.

14. On or around December 2, 2021, Plaintiff contacted and informed Defendant of the serious and life-threatening condition and requested leave under the FMLA to attend chemotherapy treatments.

15. Plaintiff was then approved for intermittent FMLA leave.

16. On or around January 1, 2023, Plaintiff's cancer progressed and required more treatment.

17. Plaintiff once again applied for leave under the FMLA to attend more chemo treatment for the worsening cancer and his request was approved.

18. On or about January 25, 2023, Plaintiff advised Manager, Bob Elliot, of his worsening cancer condition that would require additional FMLA leave.

19. Bob Elliot expressed that he was unhappy with Plaintiff's request for FMLA leave to attend chemo treatments.

20. Bob Elliot insisted that Plaintiff work in excess of 40 hours per week.

21. However, due to Plaintiff's worsening cancer condition, Plaintiff was unable to work overtime.

22. Shortly after disclosing his worsening cancer condition to Bob Elliot, Human Resources Representative, Deanna Klein, told Plaintiff to go home and that she would follow-up with plaintiff regarding his "options."

23. On or about February 23, 2023, Plaintiff's condition continued to worsen and Plaintiff renewed his FMLA request for leave to attend vital chemo treatment so Plaintiff spoke with Deanna Klein regarding the matter.

24. Deanna Klein denied Plaintiff's FMLA leave request and terminated Plaintiff.

25. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of their FMLA rights.

26. Defendant terminated Plaintiff in retaliation for requesting FMLA leave.

27. On or about February 23, 2023, Defendant unlawfully terminated Plaintiff in retaliation for taking FMLA leave.

28. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after Plaintiff requested to file for FMLA medical leave.

### COUNT I
### Violation of the Family And Medical Leave Act
### (FMLA Interference - <u>Unlawfully Denial of FMLA Rights</u>)

29. Plaintiff repeats and re-alleges paragraphs 1-28 as if fully stated herein.

30. On February 2, 2022, Plaintiff was eligible for FMLA leave.

31. At all times material, Plaintiff gave proper notice to his employer by informing them of the serious medical condition, which required Plaintiff to receive chemo therapy for his cancer diagnosis.

32. Defendant controlled Plaintiff's work schedule and conditions of employment.

33. Plaintiff provided enough information for their employer to know that Plaintiff's potential leave may be covered by the FMLA.

34. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of their FMLA rights.

35. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

36. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits

and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

37. Plaintiff repeats and re-alleges paragraphs 1-28 as if fully stated herein.

38. Defendant terminated Plaintiff after Plaintiff provide notice of a request for medical leave, which constitutes a request for taking FMLA leave.

39. Defendant terminated Plaintiff because he requested and took FMLA leave as described above.

40. Specifically, Plaintiff requested FMLA leave when he explained that he required chemo therapy for his cancer diagnosis--a condition that was severe or life threatening.

41. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

42. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

43. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

      c.      Front pay;

      d.      Loss of benefits;

      e.      Compensatory and punitive damages;

      f.      Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 4th day of October, 2023.

                                                 */s/ Alexander J. Taylor*
                                                 **ALEXANDER J. TAYLOR, ESQ.**
                                                 *Counsel for Plaintiff*
                                                 **SULAIMAN LAW GROUP, LTD**
                                                 2500 South Highland Avenue, Suite 200
                                                 Lombard, IL 60148
                                                 Telephone: (331) 272-1942
                                                 Facsimile: (630) 575-8188
                                                 Email: ataylor@sulaimanlaw.com